Elwyn L. CADY, Appellant,

v.

Lane HARLAN, Administrator of the Estate
of Frank J. Wesselman, Deceased,
Respondent.

No. 53786.

Supreme Court of Missouri,
Division No. 2.

June 9, 1969.

Motion to Transfer to Court En Banc
Denied July 14, 1969.

Elwyn L. Cady, Jr., Kansas City, for appellant.

Thad C. McCanse, David A. Welte, James, McCanse & Larson, Kansas City, for respondent.

GEORGE W. CLOYD, Special Judge.

Appellant herein, plaintiff below, appeals from a Judgment of Dismissal of his action for personal injuries entered in the Circuit Court of Jackson County on December 11, 1967.

A recitation of the chronology of this litigation is necessary for the determination of the issues raised by this appeal. The Judgment of Dismissal from which plaintiff appeals was entered in the third action filed by the plaintiff. This series of litigation arises out of a claim for personal injuries which plaintiff allegedly received in an automobile accident which occurred on September 22, 1956. On August 28, 1961 plaintiff initiated an action in the Circuit Court of the City of St. Louis. On July 21, 1964 that court sustained a Motion to Dismiss the St. Louis suit, for reasons not germane to the issues here. Subsequently plaintiff refiled his action in the Circuit Court of Cooper County on July 24, 1964, and on July 5, 1967 voluntarily dismissed the Cooper County action.

The third suit from which this appeal is taken, was filed in the Circuit Court of Jackson County on September 21, 1967. The Circuit Court of Jackson County sussained a Motion to Dismiss the third suit on December 11, 1967. The Order of Dismissal of that case is as follows:

### "ORDER DISMISSING PLAINTIFF'S CAUSE OF ACTION

The Court finds from the pleadings and affidavits filed herein that this is an action for personal injuries sustained by plaintiff on or about September 13, 1956, in Kansas City, Missouri;

That within the five-year limitation period plaintiff sued Frank Wesselman in the Circuit Court of St. Louis City, August 28, 1961, to recover for such injuries and was nonsuited by that court July 21, 1964;

That within one year thereafter, on July 22, 1964, plaintiff refiled his action in the Circuit Court of Cooper County, Missouri, against Lane Harlan, as administrator of the estate of said Frank Wesselman, deceased, which action was voluntarily dismissed by plaintiff July 5, 1967;

That plaintiff filed the present action in the Circuit Court of Jackson County, Missouri, September 21, 1967, for the same personal injuries sustained September 13, 1956.

Plaintiff's cause of action is barred by the statute of limitations and that Mo RS 516.230 tolls the statute for only one refiling of the suit within one year of plaintiff's first nonsuit in the Circuit Court of St. Louis City on July 21, 1964.

Defendant's motion to dismiss plaintiff's petition is accordingly sustained this 11th day of December, 1967." From this Order, plaintiff appeals.

In their briefs the parties agree that the subject matter of this action is governed initially by the five-year period of limitations as set out in Section 516.120.[1] It is likewise not disputed that the original action filed in the Circuit Court of the City of St. Louis on August 28, 1961 was brought within five years of the date of the occurrence on September 22, 1956. Thus the issues arise from the subsequent dismissals of the first and second suits and the later filing of the third action as set forth above. To resolve these issues we must determine the application of Section 516.230 to this set of circumstances. The pertinent portion of Section 516.230 is as follows:

"If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; * * *."

1. All statutory references are to RSMo 1959 and V.A.M.S., unless otherwise noted.

Plaintiff in his brief asserts that the second suit filed in Cooper County on July 24, 1964 was within the one-year saving period of the statute, since the first suit in the City of St. Louis was dismissed on July 21, 1964. Obviously this is true. Plaintiff then states that the Cooper County suit was dismissed and the third suit filed in Jackson County, in order to take advantage of the amendment to Section 508.010 (Laws 1965, p. 659, V.A.M.S.) which permitted the bringing of an action in the county where it accrued. The Order of the Jackson County Circuit Court dismissed the case on the ground that Section 516.230 permits only one refiling of an action where the original statute of limitations has expired. Plaintiff contends that this ruling by the Circuit Court of Jackson County is erroneous. He argues that the words "from time to time" is the key phrase of the section and is intended to permit more than a single refiling. In support of his position he cites authorities which hold the statute to be remedial in nature and states that it should be liberally construed. Wetmore v. Crouch, 188 Mo. 647, 87 S.W. 954; Thomas v. Sterling Finance Co., Mo.App., 180 S.W.2d 788. Both of these cases are authority for the policy of liberal interpretation of the statute but they are not factually similar to the instant case. As noted above the Cooper County suit was clearly within the saving grace of the statute since it was brought within one year of the dismissal of the first action and the first action in the City of St. Louis was brought within five years of the accrual of the original cause of action.

The third action was filed eleven years after the occurrence and long after the five year statute had run. The date of the filing of the third action was also three years after the first suit had been dismissed and therefore not within the one year saving period provided by Section 516.230 as applied to the first action. While it is clear the suit involved in this appeal was filed within one year of the voluntary dismissal of the second suit in Cooper County, plaintiff can prevail only if the statute is construed to provide a one-year saving period following the termination of an action which was not instituted within the period of the applicable statute of limitations governing the time in which such suit must originally be brought.

■ With respect to the action which gives rise to the benefit of the saving clause set forth in Section 516.230, it makes no difference whether it be the first action or a subsequent one, so long as it was filed within the original period of limitations. This is illustrated by the case of Wetmore v. Crouch, 188 Mo. 647, 87 S.W. 954. In that case the action accrued in May, 1899. A first action was filed on November 22, 1890 and a nonsuit suffered on December 5, 1893. A second action was commenced on April 17, 1894 and was terminated by a nonsuit on January 11, 1902. A third suit was instituted on April 28, 1902. In considering the application of the saving statute to the third case, the court held that since the second case was brought within the period of the statute of limitations under which the action could originally be brought, it served to give the plaintiff the benefit of the saving statute and the third action was not subject to being dismissed as being untimely filed.

■ Once, however, the provisions of Section 516.230 are invoked, plaintiff then has one year to file his action and the dismissal of an action so filed, does not give rise to any subsequent periods of grace.

■ In Foster v. Pettijohn, 358 Mo. 84, 213 S.W.2d 487, we held that the plaintiff may not suffer an indefinite number of nonsuits and institute an indefinite number of actions provided each successive new action be brought within one year of the preceding nonsuit. We limited the application of the statute to a one-year period following the nonsuit of an action filed within the original period of limitations. In that decision we set forth several other

authorities for this construction of the statute (213 S.W.2d 1.c. 490). A further discussion of the application of the statute is found in Cooper v. Bolin, Mo., 431 S.W. 2d 69, and Thomas v. Sterling Finance Co., Mo.App., 180 S.W.2d 788, but neither of these cases support the plaintiff's position here. Of similar import is the recent Federal case of Jordan v. Chicago, Rock Island and Pacific Railroad Co., D.C., 293 F.Supp. 29, which construes the Missouri statute. We have reviewed the cases cited by the plaintiff from other jurisdictions. Hunter v. Ward, C.C.A. 8, 15 F.2d 843; Denton v. City of Atchison, 76 Kan. 89, 90 P. 764; Walker v. L. E. Meyers Construction Co., 175 Okl. 548, 53 P.2d 547; United States Fire Insurance Co. v. Swyden, 175 Okl. 475, 53 P.2d 284; Morrow v. Atlanta and C.A.L. Railway Co., 84 S.C. 224, 66 S.E. 186, are all cases cited in Foster v. Pettijohn, supra. Each of these cases were construing similar statutes from other jurisdictions which did not contain the phrase "from time to time" which appears in our statute and for this reason, plaintiff argues that Foster v. Pettijohn, supra, is not sound. However, each of these authorities clearly hold that a saving statute such as here considered, gives rise to only one period of one year in which an action may be brought after the original statute of limitations has run. When the phrase "time to time" in our statute is taken in context it will be seen that this phrase is followed by the limitation of the words "within one year after such nonsuit." To the curious, we commend the carefully researched opinion in United States Fire Insurance Co. v. Swyden, supra, wherein Justice Phelps of the Supreme Court of Oklahoma ably traces the history of this type of statute which had its origin in English common law. His research led him to the conclusion that no American jurisdiction had ever held otherwise. Our research of the later cases supports this view. We therefore hold that when plaintiff filed his suit in Cooper County on July 24, 1964 he was accorded the benefit of the saving grace of Section 516.230. When he later dismissed that suit on July 5, 1967 that dismissal did not give rise to a second one-year period in which he might refile the action and the Jackson County Circuit Court properly dismissed the action which was filed in that court on September 21, 1967.

■ While not germane to the result in the instant case, it would appear that the phrase "from time to time, within one year after such nonsuit" may bear on the question of whether the plaintiff is limited to bringing a single action within the one-year period or whether more than one suit might be filed in the year provided. The Oklahoma case referred to above concludes that the great weight of authority limits the litigant to the filing of only one suit. However, most of the cases considered in that opinion, were under statutes which did not contain the words "from time to time," and there is a division of authority where the phrase occurs. The Circuit Court of Jackson County, in its Order, stated that our statute limits the litigant to the refiling of only a single action within the one-year period. If this view be adopted, the phrase "from time to time" would serve no apparent purpose. We believe the better view is that the inclusion of that phrase permits more than one action to be filed, so long as the first as well as any subsequent suit is brought within the single one-year period provided by the statute after a nonsuit.

The judgment is affirmed.

FINCH, P. J., and DONNELLY, J., concur.

MORGAN, J., not sitting.