Mary R. Russell, Judge
The issue on appeal here is whether the trial court erred in granting a motion to dismiss a wrongful death action alleging medical negligence pursuant to section 538.225[1] because no health care affidavit was filed in the case. Plaintiffs argue that the affidavit requirement of the statute is unconstitutional because it arbitrarily bars their case from proceeding in violation of the “open courts” doctrine and the right to a jury trial. Mo. Const, art. I, secs. 14, 22(a). Although Plaintiffs had in their possession a compliant affidavit that they had filed in their first cause of action, they did not refile it in their second after voluntarily dismissing their first suit. Because the trial court properly sustained Defendants’ motion to dismiss for failure to comply with the requirements of section 538.225, the dismissal without prejudice is affirmed.[2]
Factual Background
Family members (Plaintiffs) filed a wrongful death action alleging that the negligent chiropractic services of Dr. Patrick Goldsworthy, Dr. Aston Goldsworthy, and Patrick L. Goldsworthy (Defendants) caused the death of Michael Lang, their relative. Plaintiffs timely filed an affidavit stating that they obtained the written opinion of a qualified health care provider in support of their claims as required by section 538.225. After two and a half years of litigation, Plaintiffs voluntarily dismissed that action and timely refiled an identical petition in the same court, but did not attach the affidavit to their new petition.
Defendants filed a motion to dismiss Plaintiffs’ second action for failure to file the affidavit pursuant to section 538.225. In their response in opposition, Plaintiffs acknowledged that they had not filed the affidavit in the second action, but argued that section 538.225 unconstitutionally barred their access to the courts, violated their right to a trial by jury, and constituted an impermissible special law. The trial court dismissed the action without prejudice because Plaintiffs failed to file the affidavit within 180 days of filing the second action. Section 538.225. This appeal follows.
Standard of Review
The standard of review for a trial court’s grant of a motion to dismiss is de novo. Lynch v. Lynch, 260 S.W.3d 834, 836 (Mo. banc 2008). In determining the appropriateness of the trial court’s dismissal of a petition, an appellate court reviews the grounds raised in the defendant’s motion to dismiss. In re Estate of Austin, 389 S.W.3d 168, 171 (Mo. banc 2013). If the motion to dismiss cannot be sustained on any ground alleged in the motion, the trial court’s ruling will be reversed. Id. Constitutional challenges to a statute are also issues of law that this Court reviews de novo. State v. Young, 362 S.W.3d 386, 390 (Mo. banc 2012).
Analysis
Plaintiffs ask this Court to determine the constitutional validity of section 538.225, which provides in relevant part:
1. In any action against a health care provider for damages for personal injury or death on account of the rendering of *751 or failure to render health care services, the plaintiff or the plaintiffs attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed ' to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such .reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
[[Image here]]
6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.
The language of section 538.225 unambiguously requires: (1) plaintiffs to file an affidavit in medical negligence cases; - and (2) trial courts to dismiss without prejudice any such action if the affidavit is not filed. Mayes v. St. Luke’s Hosp. of Kansas City, 430 S.W.3d 260, 271 (Mo. banc 2014).[3] Here, Plaintiffs’ second cause of action was dismissed without prejudice for failing to timely file the health care affidavit. Due to the passage of time and the three-year statute of limitations governing wrongful death claims, they were prohibited from refiling their claims in a third suit. Section -537.100,' RSMo 2000. As a result, Plaintiffs allege that section 538.225 unreasonably and arbitrarily deprives them of access to the courts and their right to a jury trial in violation of article I, sections 14 and 22 of the Missouri Constitution.[4]
The merits of these arguments do not need to be reached here. This Court will avoid deciding- a constitutional question if the case can be resolved fully without reaching it. State ex rel. SLAH, L.L.C. v. City of Woodson Terrace, 378 S.W.3d 357, 361 (Mo. banc 2012). Plaintiffs’ timely filing of an affidavit pursuant to section 538.225 'in their first action against Defendants demonstrated that Plaintiffs were aware of the statute’s procedural requirements. Moreover, neither party argues that the affidavit filed by Plaintiffs in the first action faded to meet any of the requirements of the statute. Had Plaintiffs stapled the affidavit already in their possession -to their petition in the second action, they would have avoided dismissal. It was Plaintiffs’ own inaction that prevented them from being able to pursue their second suit.[5]
*752 Similarly, section 538.225 did not prevent Plaintiffs from refiling a third petition alleging their medical negligence claims after the trial court dismissed without prejudice their second action. As required by section 538.225, the trial court dismissed the second action without prejudice, which would have permitted Plaintiffs to refile their petition in a third suit along with the required affidavit. However, because the second action was not filed until nearly a year after the dismissal of the first action, Plaintiffs were prevented from filing a third action within the one-year savings provision of section 537.100.[6] Plaintiffs have not challenged the constitutional validity of section 537.100 in this appeal, nor do they argue that the statute’s savings provisions should be interpreted to permit them to refile their claims. In short, section 538.225 is not the root of Plaintiffs’ quandary.
Plaintiffs argue that dismissal of their case under section 538.225 is arbitrary because the trial court found that their claims should be tried to a jury when it denied Defendants’ motion for summary judgment in the first suit. This argument is unavailing. In the instant case, the trial court’s determination in the first action that Plaintiffs’ claims merited a jury trial did not alleviate Plaintiffs of the obligation to refile the affidavit in the second action. As this Court held on the strikingly similar facts in Mayes, section 538.225 requires plaintiffs to file an affidavit in every medical negligence action: it makes no exception for a plaintiff who previously filed an affidavit in an identical prior action. 430 S.W.3d at 271-72. Moreover, Plaintiffs’ argument assumes that the discovery filed in the first action was also filed in the second, which was not true. Nothing before the trial court in the second action indicated that Plaintiffs’ case was meritorious because Plaintiffs failed to refile the affidavit or any of the discovery obtained in the previous action.
Plaintiffs had up to 180 days to file their affidavit pursuant to section 538.225. Because they failed to do so, the trial court properly granted Defendants’ motion to dismiss.
Conclusion
The trial court’s dismissal without prejudice is affirmed.
Breckenridge, C.J., Fischer, Wilson, and Stith, JJ., concur.
Teitelman, J., dissents in separate opinion filed.
Draper, J., concurs in opinion of Teitelman,- J.

. Unless otherwise indicated, all statutory references are to RSMo Supp. 2013.

. This Court has jurisdiction pursuant to Mo. Const, art. V, sec. 3 as Plaintiffs challenge the validity of a statute of this state.

. Prior to 2005, section 538.225 provided that a trial court “may” dismiss without prejudice any action in which the plaintiff failed to file an affidavit. Sec. 538.225.5, RSMo 1986. This Court upheld the prior version of section 538.225 against a constitutional challenge in Mahoney v. Doerhoff Surgical Serv’s., Inc., 807 S.W.2d 503, 508-513 (Mo. banc 1991). The statute was amended in 2005 to require mandatory dismissal. See Mayes, 430 S.W.3d at 271.

. Additionally, Plaintiffs make other constitutional arguments. They contend that section 538.225 violates their federal right to a jury trial and is an impermissible special law in violation of article III, section 40 of the Missouri Constitution.

.Further,- Plaintiffs do not allege they were unable to comply with section 538.225, that such compliance was so unduly burdensome as to constitute a material impediment to suit, or that such compliance required an eviden-tiary showing that would not be a- part of Plaintiffs’ burden.at trial. Although they stated at oral argument that no threshold showing of negligence would have been necessary to make a submissible case on their res ipsa loquitor claim, Plaintiffs did not raise this argument in the trial court or assert it in their points relied on in this Court. As such, this argument is hot preserved.

. Section 537.100 permits a plaintiff who has “take[n] or sufferfed] a nonsuit” to refile an action within one year of the date of the nonsuit. Plaintiffs in this action relied on this savings provision when they refiled their second action more than a year after the original limitations period had expired. It is not clear whether a savings provision like the one in section 537.100 may be used more than once. See Mayes, 430 S.W.3d at 266 (noting that the plaintiffs in that case did not argue that their third action was timely filed under section 537.100’s savings provision). This Court does not address whether a savings statute could be used a second time by Plaintiffs in this action.