Patricia Breckenridge, Judge
Relators Dr. Patrick Goldsworthy, Dr. Aston Goldsworthy and Patrick Goldsworthy D.C., P.C., ("doctors") seek a writ from this Court prohibiting the respondent, the Honorable James F. Kanatzar, from taking any action other than granting their motion to dismiss the underlying wrongful death suit as barred by the statute of limitations. Specifically, the doctors assert the plaintiffs' wrongful death claims are *584 time-barred by section 537.100[1] because the suit was filed after the three-year statute of limitations lapsed and the statute's savings provision is not applicable.
This Court granted a preliminary writ. The savings provision in section 537.100 provides a one-year savings period following the nonsuit of an action filed within the limitations period. It does not provide for an additional savings period following the nonsuit of an action filed within the savings period. Here, after voluntarily dismissing their timely filed first action, the plaintiffs utilized the savings provision in section 537.100 to file a second action. After the second action was dismissed without prejudice, the plaintiffs filed a third action within one year of the nonsuit of the second action, but not within one year of the nonsuit of the first action. Because the third action was not filed within one year of the nonsuit of the first action-the only action filed within the limitations period-the savings provision does not apply and the third suit is time-barred. The doctors are entitled to have the suit against them dismissed with prejudice. The preliminary writ of prohibition is made permanent.
Factual and Procedural Background
Plaintiffs Paul Lang and Allison Boyer are the children of Michael Lang, who died December 7, 2009. The plaintiffs timely filed their initial action for wrongful death against the doctors on December 21, 2010, claiming his death was caused by the doctors' negligent chiropractic treatment. This was the only action the plaintiffs filed within the three-year statute of limitations in section 537.100.
The plaintiffs voluntarily dismissed on March 22, 2013. As permitted by the savings provision in section 537.100, the plaintiffs filed a second action March 19, 2014, within one year of the nonsuit of the first action. The circuit court dismissed their second action without prejudice on December 29, 2014, because the plaintiffs failed to file a health care affidavit within 180 days, as required by section 538.225[2] . The plaintiffs appealed the dismissal to this Court, asserting this statute's requirement for a health care affidavit violated their constitutional rights to access to the courts and to a jury trial. Lang v. Goldsworthy , 470 S.W.3d 748, (Mo. banc 2015). This Court affirmed the circuit court's dismissal without reaching their constitutional claims. Id.
The plaintiffs filed their third action December 1, 2015. The doctors filed a motion to dismiss on the ground the claims were time-barred by the three-year statute of limitations in section 537.100 and the savings provision was not applicable. After the circuit court overruled their motion to dismiss, the doctors filed a petition for a writ of prohibition in this Court seeking to prevent the circuit court from taking any action other than to dismiss the plaintiffs' petition.
Standard of Review
"Prohibition is a discretionary writ that only issues to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extrajurisdictional power." State ex rel. Schwarz Pharma, Inc. v. Dowd , 432 S.W.3d 764, 768 (Mo. banc 2014). A writ of prohibition is the proper "remedy to prevent a lower court from proceeding on [a claim] barred by the statute of limitations." State ex rel. Holzum , 342 S.W.3d 313, 315 (Mo. banc 2011). "[P]rohibition will lie if plaintiff's petition 'does not state a viable theory of recovery, and relator *585 was entitled to be dismissed from the suit as a matter of law.' " State ex rel. Union Elec. Co. v. Dolan , 256 S.W.3d 77, 81 (Mo. banc 2008) (internal quotations omitted).
Analysis
The plaintiffs' wrongful death claims are governed by section 537.100, which establishes a three-year statute of limitation. Section 537.100 also contains a "savings provision" allowing a plaintiff, in specified circumstances, to commence a new wrongful death action within one year after a nonsuit. Section 537.100 provides:
Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue; provided ... that if any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit, ... such plaintiff may commence a new action from time to time within one year after such nonsuit suffered....
The issue raised by the doctors' writ petition is whether the savings provision of section 537.100 is limited to providing a single one-year period that follows the nonsuit of an action filed within the limitations period, or whether it also provides an additional one-year savings period that follows the nonsuit of an action filed within the savings period.
A wrongful death cause of action accrues at the moment of death. Boland v. St. Luke's Health Sys. , 471 S.W.3d 703, 708 (Mo. banc 2015). Michael Lang's death occurred December 7, 2009, so the three-year period for filing suit expired December 7, 2012. After voluntarily dismissing their initial action, the plaintiffs utilized the savings provision to file their second action more than three years after Michael Lang's death. The plaintiffs claim they may use the statute a second time to file their third wrongful death action. The doctors assert the statutory language compels a contrary conclusion.
"Statutory interpretation is an issue of law that this Court reviews de novo." State v. Johnson , 524 S.W.3d 505, 510 (Mo. banc 2017) (internal quotations omitted). The primary goal of statutory interpretation is to give effect to legislative intent, which is most clearly evidenced by the plain text of the statute. Peters v. Wady Indus., Inc. , 489 S.W.3d 784, 789 (Mo. banc 2016). The legislature is presumed to have intended every word, provision, sentence, and clause in a statute to be given effect. Hyde Park Hous. P'ship v. Dir. of Revenue, 850 S.W.2d 82, 84 (Mo. banc 1993). The plain and ordinary meaning of the words in a statute is determined from the words' usage in the context of the entire statute. Mantia v. Mo. Dep't of Transp. , 529 S.W.3d 804, 809 (Mo. banc 2017).
As noted previously, the first clause of section 537.100 requires a wrongful death claim to be filed within three years. Next is the savings provision: if "any such action shall have been commenced within the time prescribed in this section" and the plaintiff suffers a nonsuit, the "plaintiff may commence a new action from time to time within one year after such nonsuit suffered."[3] In referencing an action that suffers a nonsuit, it is preceeded *586 by the word "any" and followed by the word "such."
The word "any," like other general words such as "all," "none," "always," and "never," as it is used in both everyday conversation and by the legislature, is defined by the context in which it is used. See Nixon v. Mo. Mun. League , 541 U.S. 125, 132, 124 S.Ct. 1555, 158 L.Ed.2d 291 (2004) (" 'any' can and does mean different things depending upon the setting"). Webster's Dictionary defines "such" as an adjective used to distinguish something as either (1) "of a kind or character about to be indicated" or (2) "previously characterized or specified, aforementioned." Webster's Third New International Dictionary 2283 (unabridged 1993). In the context of section 537.100, "any such action" is not followed by a word like "as" to indicate it is referring to actions about to be indicated. So "such" in the context of section 537.100 is referencing something previously specified. Further support for this grammatical construction is found in the last antecedent doctrine: "relative and qualitative words are to be applied only to the words or phrases preceding them." Spradling v. SSM Health Care St. Louis , 313 S.W.3d 683, 688 (Mo. banc 2010).
Additionally, if it were the legislature's intent that the savings provision be applied to both actions filed within the statute of limitations and actions filed pursuant to the savings provision, the word "such" becomes meaningless. The legislature will not be presumed to have "inserted idle verbiage or superfluous language in a statute." Civil Serv. Comm'n of the City of St. Louis v. Members of Bd. of the Aldermen of the City of St. Louis , 92 S.W.3d 785, 788 (Mo. banc 2003) (internal citations omitted). The words "any such action," read in context, communicate the legislature's intent to limit the savings provision to claims brought pursuant to the preceding sentence, a wrongful death action filed pursuant to section 537.080 that was commenced within the initial three-year statute of limitations.
This interpretation of the savings provision in section 537.100 is consistent with longstanding precedent interpreting nearly identical language in section 516.230, a one-year savings statute for nonsuits of actions subject to the general statutes of limitations in Chapter 516. The relevant portion of section 516.230 provides:
If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered....
This Court has held the savings provision in section 516.230 provides "a one-year period following the nonsuit of an action filed within the original period of limitations" and does not provide an additional savings period following the nonsuit of an action filed within the savings period. Cady v. Harlan , 442 S.W.2d 517, 519 (Mo. 1969). Once the savings provision is invoked, the "plaintiff then has one year to file his action[,] and the dismissal of an action so filed [ ] does not give rise to any subsequent periods of grace." Id. The "plaintiff may not suffer an indefinite number of nonsuits and institute an indefinite number of actions provided each successive new action be brought within one year of the preceding nonsuit." Id. (citing Foster v. Pettijohn , 358 Mo. 84, 213 S.W.2d 487 (Mo. 1948) ); see also Williams , 364 S.W.3d at 232 ; Heintz v. Swimmer , 922 S.W.2d 772, 776 (Mo. App. 1996) ; Britton v. Hamilton , 740 S.W.2d 704 (Mo. App. 1987).
Additionally, the plaintiffs argue the phrase "from time to time" evinces the legislature's intent that the savings provision *587 in section 537.100 can be invoked following the nonsuit of an action filed within the savings period. Section 537.100 provides a plaintiff may "commence a new action from time to time within one year after such nonsuit suffered." (Emphasis added). Construing a nearly identical phrase in section 516.230, this Court held the clear meaning of "from time to time" is that a plaintiff can commence multiple new actions within the one-year savings period "so long as the first as well as any subsequent suit is brought within the single one-year period provided by the statute after a nonsuit." Cady , 442 S.W.2d at 520.
The plaintiffs argue a difference in the language of section 516.230 from that of section 537.100 compels a different interpretation. The difference is there is no comma in section 537.100 between "time to time" and "within one year," as appears in section 516.230. Plaintiffs contend the lack of a comma shows the legislature intended unlimited new wrongful death actions may be commenced "from time to time" so long as they are commenced within one year after each nonsuit. While the location of a comma can be significant to the meaning of a statutory provision, the lack of a comma cannot compel an interpretation that is contrary to the other language in section 537.100. The words the legislature employed in section 537.100 demonstrate the legislature's intent that the one-year grace period to commence a new wrongful death action pursuant to the savings provision can only be invoked following the nonsuit of an action filed within the limitations period.
As noted in this Court's precedent, statutory savings provisions have historically been interpreted to prohibit the refiling of an action following the nonsuit of the action filed within the savings period. In Cady , the Court commended the carefully researched opinion in United States Fire Insurance Co. v. Swyden , 175 Okla. 475, 53 P.2d 284 (1935). In that case, the Supreme Court of Oklahoma traced the history of this type of statute, "which had its origin in English common law," and concluded, up to that time, no American jurisdiction had ever held a savings statute gave rise to more than one period of one year after the original statute of limitations had run. Cady, 442 S.W.2d at 520. This continues to be the majority view in other jurisdictions. See, e.g., Lozano v. Alvarez , 306 Kan. 421, 394 P.3d 862, 867 (2017) (A "plaintiff is limited to one 6-month period of grace to get a determination on the merits; refilings beyond that 6-month period are barred by the statute of limitations."); Timberlake v. Illini Hosp. , 175 Ill.2d 159, 221 Ill.Dec. 831, 676 N.E.2d 634, 635 (1997) (The savings provision "entitles a plaintiff to only one refiling after taking a voluntarily dismissal without prejudice."); Pintavalle v. Valkanos , 216 Conn. 412, 581 A.2d 1050, 1052 (1990) (Although the savings provision "is a remedial statute and must be construed liberally[,] it should not be construed so liberally as to render statutes of limitation virtually meaningless.") (citations omitted).
The plaintiffs cite to one jurisdiction holding otherwise. See Hebertson v. Bank One, Utah, N.A. , 995 P.2d 7 (Utah Ct. App. 1999). But that case is not persuasive because it involves different statutory language; in fact, the Utah Court of Appeals explicitly mentioned Missouri case law and declined to follow it based on the different language of the two statutes. Id. at 12 n.5. Furthermore, Hebertson has since been superceded by statute when the Utah legislature responded by inserting the language "a new action may be commenced under this section only once." Utah Code Ann. § 78B-2-111 ; see also Norton v. Hess , 374 P.3d 49 (Utah Ct. App. 2016) (recognizing Hebertson is no longer good law).
*588 The plaintiffs further argue the doctors are not entitled to a writ of prohibition because, if section 537.100 prevents the plaintiffs from commencing their third wrongful death action, the statute violates the Missouri Constitution. The plaintiffs raise three challenges to the constitutional validity of section 537.100. First, they claim if section 537.100 is interpreted to allow only limited use of the savings provision, the statute violates the open courts provision of article I, section 14 of the Missouri Constitution, which provides: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." This Court has held this provision "prohibits any law that arbitrarily or unreasonably bars individuals or classes of individuals from accessing our courts in order to enforce recognized causes of action for personal injury." Kilmer v. Mun , 17 S.W.3d 545, 549 (Mo. banc 2000) (internal quotation omitted). The constitutional right to open courts does not guarantee, however, access for any and all grievances. The "right of access means simply the right to pursue in the courts the causes of action the substantive law recognizes." Weigand v. Edwards , 296 S.W.3d 453, 461 (Mo. banc 2009) (citing Kilmer , 17 S.W.3d at 549 ). The plaintiffs do not show section 537.100 is an arbitrary and unreasonable restriction on their access to the courts because their argument is instead focused on the effect of the health care affidavit requirement of section 538.225.
They also claim that limiting use of the savings provision "converts" the dismissal without prejudice requirement of section 538.225 into a "permanent bar" to the courts. Although the plaintiffs attempt to frame the issue by referencing section 537.100, their claim is identical to that raised in Lang v. Goldsworthy , 470 S.W.3d 748 (Mo. banc 2015). Their argument hinges on section 538.225 providing for mandatory (rather than discretionary) dismissal if a health care affidavit is not filed within 180 days of commencing suit. The provision for dismissal in section 538.225 has no relevance to the validity of the savings provision in section 517.100. A "dismissal without prejudice does not mean that there is no bar to the re-filing of the action. Rather, a dismissal without prejudice 'permits the party to bring another action for the same cause, unless the action is otherwise barred.' " Mayes v. Saint Luke's Hosp. of Kan. City , 430 S.W.3d 260, 273 n.20 (Mo. banc 2014) (quoting section 510.150). The plaintiffs' third wrongful death action is otherwise barred by the statute of limitations in section 537.100. Their open courts claim fails.
The plaintiffs next assert if the savings provision in section 537.100 is limited to the nonsuit of an action filed within the original period of limitations, it violates their constitutional right to a jury trial as guaranteed by article I, section 22(a) of the Missouri Constitution because it "turn[s] that dismissal [pursuant to section 538.225] into a permanent bar to trial." This argument also centers on section 538.225, as the plaintiffs argue the health care affidavit requirement amounts to allowing a "non-judicial third party" to determine the merits of their case if section 537.100 is interpreted to bar their third suit. The plaintiffs finally claim section 537.100 violates article III, section 40 of the Missouri Constitution in that the health care affidavit requirement of section 538.225 is a special law because it "separates plaintiffs injured by medical negligence from plaintiffs injured by other professional negligence." This argument is again focused on section 538.225 and unrelated to the savings provision of section 537.100. The dismissal *589 of the plaintiffs' second action for failure to file a health care affidavit is not at issue in this case. Their claims that their right to a jury trial and the prohibition against special laws have been violated are irrelevant to application of the savings provision in section 537.100 and without merit.
Conclusion
The savings provision in section 537.100 provides a one-year savings period that following the nonsuit of an action filed within the original period of limitations. The savings provision does not provide an additional one-year savings period following the nonsuit of an action filed within the savings period. Because the plaintiff's third action was filed outside the savings period, it is time-barred. Prohibition lies because the doctors are entitled to have the plaintiffs' third action dismissed as a matter of law. The writ of prohibition is made permanent.[4]
All concur.

All statutory references are to RSMo 2000, unless otherwise indicated.

All references to section 538.225 are to RSMo Supp. 2013.

The term " 'nonsuit' ... means any judgment or discontinuance or dismissal whereby the merits are left untouched." Williams v. S. Union Co. , 364 S.W.3d 228, 232 (Mo. App. 2011) (internal citations omitted). In other words, "a nonsuit occurs when a court order terminates a cause of action without prejudice." Id. The dismissal of the plaintiffs' second petition for failure to file the health care affidavit required by section 538.225, was without prejudice so it qualifies as a nonsuit.

The plaintiffs filed a motion to set aside the preliminary writ, which essentially argued against the merits of the doctors' petition for a writ of prohibition. The doctors filed a motion to strike the plaintiffs' motion to set aside. This Court ordered both motions taken with the case. The plaintiffs' motion to set aside the preliminary writ and the doctors' motion to strike are overruled as moot.