

# Missouri Court of Appeals

## Southern District

## Division One

| | |
|---|---|
| DEBORAH ELKINS,<br>RUSSELL HAMPTON, and<br>SYDNEY CROSBY as next friend of<br>O.H., a minor,<br><br>                Appellants,<br><br>   vs.<br><br>ACADEMY I, LP,<br>JOHN DOE, and NYADIA BURDEN,<br><br>                Respondents. | No. SD36947<br><br>**Filed:  September 21, 2021** |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Mark A. Powell, Judge

## AFFIRMED

Appellants allege error in the court's dismissal of their lawsuit against Academy I, LP, doing business as Academy Sports + Outdoors ("Academy"), and its unknown employee, John Doe.  Appellants contend they sufficiently pleaded claims for negligent entrustment and negligence per se, which are not preempted or precluded by the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq.* (2018) ("PLCAA").  We affirm because Appellants have not satisfied their burden to show Congress intended federal firearms and ammunition statutes to create a duty enforceable in a private cause

of action for negligence per se*,* and Appellants failed to allege facts that, if proven true, would warrant relief on a negligent entrustment claim.

## Background[1]

Luis Perez and Nyadia Burden went to an Academy store to purchase ammunition for the purpose of killing Aaron Josh Hampton. Perez selected a box of 9mm ammunition and gave it to Burden along with cash. They walked to the front of the store, where Burden paid John Doe for the ammunition while Perez paced nearby.

A few hours later, Perez intentionally shot Hampton more than 20 times, killing him. Perez used a 9mm handgun loaded with the ammunition purchased from Academy. He was not a US citizen and was residing here illegally.

Hampton's family sued Academy and John Doe on negligent entrustment and negligence per se theories. Academy moved to dismiss Appellants' first amended petition as prohibited by the PLCAA and for failure to state a claim upon which relief can be granted, Rule 55.27(a)(6).[2] The court granted Academy's motion, found the claims against Academy and John Doe were a distinct judicial unit from a pending negligence claim against Burden,[3] and determined there was no just reason to delay entry of final judgment on the claims against Academy and John Doe pursuant to Rule 74.01(b). This appeal followed.

---

[1] "'When considering whether a petition fails to state a claim upon which relief can be granted, this Court must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader.'" **Mitchell v. Phillips**, 596 S.W.3d 120, 122-23 (Mo. banc 2020) (quoting **Cope v. Parson**, 570 S.W.3d 579, 583 (Mo. banc 2019)). We summarize the relevant parts of the record in accordance with this standard.

[2] Rule references are to Missouri Court Rules 2020.

[3] Burden was named as a Respondent in this appeal but has not participated. We offer no opinion on the pending claim against Burden.

## Appellate Authority

Before addressing the merits of this appeal, we must determine whether we have jurisdiction. *Wilson v. City of St. Louis*, 600 S.W.3d 763, 765 (Mo. banc 2020). "'The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists.'" *Id.* at 767 (quoting *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221). Appellants bring this appeal pursuant to the general appeal statute, § 512.020(5) RSMo. as updated through 2020, which provides that final judgments are appealable.

The judgment in this case is not final in the sense that it resolves all claims by and against all parties, leaving nothing for future determination. *Id.* at 768. It is deemed to be final, however, because it has been certified for immediate appeal pursuant to Rule 74.01(b) and it disposes of a judicial unit. *Id.* at 769-71. The judgment here satisfies both of the Supreme Court's definitions of a "judicial unit" in that it disposes of all claims by Appellants against Academy and John Doe, and the remaining claim against Burden is sufficiently distinct from the dismissed claims. *See id.* at 771-72.

We find that the circuit court did not abuse its discretion in certifying its judgment under Rule 74.01(b) and that we have jurisdiction to hear this appeal. *E.M. by and through McInnis v. Gateway Region Young Men's Christian Ass'n*, 613 S.W.3d 388, 395 (Mo.App. 2020).

## Applicable Legal Principles

We review *de novo* a circuit court's grant of a motion to dismiss. *Lang v. Goldsworthy*, 470 S.W.3d 748, 750 (Mo. banc 2015). We will affirm if the motion can be sustained on any of the grounds raised in the motion to dismiss. *Id.*

"A motion to dismiss for failure to state a claim on which relief can be granted is

solely a test of the adequacy of the petition." ***Mitchell***, 596 S.W.3d at 122 (quoting ***Cope v. Parson***, 570 S.W.3d 579, 583 (Mo. banc 2019), internal quotation marks omitted). "In order to withstand the motion to dismiss, the petition must invoke substantive principles of law entitling plaintiff to relief and ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial." ***Grosshart v. Kansas City Power & Light Co.***, 623 S.W.3d 160, 166 (Mo.App. 2021) (quoting ***Hill v. Freedman***, 608 S.W.3d 650, 654 (Mo.App. 2020), internal quotation marks omitted). "If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim." ***Id.***

Federal laws regulate the sale of firearms and ammunition and provide penalties for violations. In relevant part, 18 U.S.C. § 922(g) (2018) provides: "It shall be unlawful for any person . . . who, being an alien . . . is illegally or unlawfully in the United States . . . to . . . possess . . . any firearm or ammunition; or to receive any firearm or ammunition . . . ." Similarly, 18 U.S.C. § 922(d) (2018) provides criminal liability for suppliers: "It shall be unlawful for any person to sell . . . ammunition to any person knowing or having reasonable cause to believe that such person . . . who, being an alien . . . is illegally or unlawfully in the United States . . . ."

The PLCAA limits civil actions that may be brought against sellers[4] of firearms and ammunition.[5] "[T]he PLCAA expressly and unambiguously preempts state tort law, subject to the enumerated exceptions." ***Delana v. CED Sales, Inc.***, 486 S.W.3d 316, 323 (Mo. banc 2016). Our Supreme Court explained:

---

[4] Academy is a "seller" engaged in the business of selling ammunition in interstate commerce at the retail level. 15 U.S.C. § 7903(6)(C) (2018).
[5] Ammunition is a "qualified product" covered by the PLCAA. 15 U.S.C. § 7903(4) (2018), incorporating the definition in 18 U.S.C. § 921(a)(17)(A) (2018).

The PLCAA provides that a qualified civil liability action may not be brought in any Federal or State court. 15 U.S.C. section 7902(a). All qualified civil liability actions shall be immediately dismissed by the court in which the action was brought or is currently pending. 15 U.S.C. section 7902(b). The PLCAA defines a "qualified civil liability action" as a civil action brought by any person against a seller of a qualified product for damages resulting from the criminal or unlawful misuse of a qualified product by the person or a third party. 15 U.S.C. section 7903(5)(A). A qualified product includes firearms and ammunition. 15 U.S.C. section 7903(4). Actions based on negligence per se, negligent entrustment, and knowing violations of state or federal statutes related to firearms are expressly excluded from definition of a qualified civil liability action. 15 U.S.C. section 7903(5)(A)(ii). The net result of the foregoing provisions is that the PLCAA expressly preempts all civil actions seeking damages against sellers resulting from the criminal or unlawful misuse of a firearm.

*Id.* at 320–21 (internal quotation marks omitted) (footnote omitted).

## Negligent Entrustment (Point I)

"[N]egligent entrustment occurs when the defendant supplies a chattel to another with actual or constructive knowledge that, because of youth, inexperience or otherwise, the recipient will likely use the chattel in a manner that will result in an unreasonable risk of physical harm." *Id.* at 325 (internal quotation marks omitted). To make a prima facie case of negligent entrustment, a plaintiff must prove the following elements:

(1) the entrustee was incompetent by reason of age, inexperience, habitual recklessness or otherwise; (2) the entrustor knew or had reason to know of the entrustee's incompetence; (3) there was entrustment of the chattel; and (4) the negligence of the entrustor concurred with the conduct of the entrustee to cause the plaintiff's injuries.

*Matysyuk v. Pantyukhin*, 595 S.W.3d 543, 549 (Mo.App. 2020). The PLCAA defines "negligent entrustment" similarly. *See* 15 U.S.C. § 7903(5)(B) (2018). Thus, a properly pleaded negligent entrustment claim against a seller of firearms (or in this case ammunition) is recognized in Missouri common law and falls within the exceptions to PLCAA preemption. *Delana*, 486 S.W.3d at 324-26.

5

The first issue is whether Appellants sufficiently alleged entrustment. They do not claim Academy transferred physical possession of the ammunition to Perez. Rather, they allege Academy had actual or constructive knowledge that Burden was purchasing the ammunition for Perez because he selected it from the shelf, handed it to Burden along with cash, accompanied her to the cash register, and paced nearby while she completed the transaction.[6] "[W]hile *Delana* may have altered the scope of the negligent entrustment tort, it did not eliminate the fundamental requirement that the defendant must have 'supplied' a chattel to a third party who causes injury with the chattel." ***Lockhart v. Carlyle***, 585 S.W.3d 310, 316 (Mo.App. 2019). We are skeptical that the circumstances here amount to Academy's entrustment or supply of ammunition to Perez. However, we need not decide that issue because Appellants' pleadings suffer from other deficiencies.

Proof of incompetence is essential to establish liability under a negligent entrustment theory. ***Matysyuk***, 595 S.W.3d at 549. Appellants alleged 18 U.S.C. § 922(d) and (g) (2018) prohibit the sale of ammunition to Perez, thus rendering him otherwise incompetent to purchase the ammunition. Based on this alleged incompetency, Appellants then had to allege how Academy knew or had reason to know of Perez's status as a non-citizen residing in the U.S. illegally or unlawfully. This is where their pleadings fail, because they again fall back on the same facts they pleaded to establish Perez was the true purchaser, not Burden. These facts, even if taken as true, say nothing about Perez's

---

[6] Appellants also mention a failed attempt to purchase ammunition at another retailer earlier in the day. This allegation has no relevance to the issue of negligent entrustment at Academy because they do not allege Academy or its employees knew or had reason to know about the prior events at a different retailer. *See* ***Rains v. Bend of the River***, 124 S.W.3d 580, 597 (Tenn.App. 2003) (evidence buyer was unsuccessful at purchasing ammunition at one retailer shortly before successfully purchasing at a different retailer did not preclude summary judgment; relevant evidence was purchaser's conduct or demeanor at the time of the successful purchase).

citizenship or if he is in the U.S. lawfully.

This case differs significantly from the facts alleged in **Delana***, supra*. In that case, a mother begged a firearm seller not to sell another gun to the mother's daughter, who had attempted suicide with a gun she previously bought from the same merchant. Mother told the merchant that daughter was severely mentally ill and gave the merchant the daughter's name, social security number, birthdate, and likely time she may try to buy a gun. Two days later, the merchant chose to make the sale and daughter shot and killed her father. That is not this case. How was John Doe, as Academy's agent, to know or have reason to know about Perez's citizenship just by looking at him? By the color of his skin? Certainly not.

The only behaviors Appellants allege occurred in the presence of John Doe were Perez's proximity to Burden and pacing. There could be any number of reasons for pacing, some innocent and some not. Courts in other states have held that a purchaser's nervousness did not give a seller reason to know of the purchaser's incompetence or intention to cause harm. *See **Drake v. Wal-Mart, Inc.***, 876 P.2d 738, 741 (Okla. Civ. App. 1994) (seller could not have known gun buyer intended to commit suicide even though she was nervous, fidgety, had a blank look on her face, looked troubled, and was reluctant to handle the gun); ***Jacoves v. United Merch. Corp.***, 9 Cal.App. 4th 88, 118 (Cal.App. 1992) (seller had no reason to know buyer was reasonably likely to commit suicide even though buyer was distraught and trembling); ***Peek v. Oshman's Sporting Goods, Inc.***, 768 S.W.2d 841, 847 (Tex.App. 1989) (seller had no reason to anticipate buyer's mental impairment or intent to commit a crime despite evidence purchaser was nervous, uptight, and in a hurry). In the criminal law context, nervousness can be relevant but in and of itself does not give rise to reasonable suspicion. ***State v. Goucher***, 580

S.W.3d 625, 633 (Mo.App. 2019). Even if pacing would raise *some* suspicion, how would it give John Doe, as Academy's agent, reason to know he needed to check Perez's citizenship status?

Appellants skirt this deficiency by arguing it is Academy's duty to ensure ammunition is being sold to qualified purchasers.[7] While this is true on one level, it does not avail Appellants here because the application Appellants suggest would impermissibly shift their burden of proof. The "knew or had reason to know" element of the claim would be eliminated and replaced with strict liability or incompetence per se.

Appellants similarly failed to allege facts that, if true, showed Academy had actual or constructive knowledge Perez was likely to use the ammunition in a manner that would result in an unreasonable risk of physical harm. ***Delana***, 486 S.W.3d at 324. "[T]he sale of firearms and related products is legal, and those products are capable of being safely used for many lawful purposes, including security and self-defense, as well as in various sporting and recreational activities." ***Noble v. Shawnee Gun Shop, Inc.***, 409 S.W.3d 476, 485 (Mo.App. 2013) (abrogated in other respects by ***Delana***, 486 S.W.3d at 324-26). "[A]s a general proposition, liability is not imposed on sellers of non-defective, lawful products, for injuries caused by the misuse of those products by the purchaser or other persons." ***Id.***

There are exceptional cases and circumstances where one realizes or should realize a purchaser of goods intends to cause harm or presents an unreasonable risk of harm to others.

> [O]ne who supplies a chattel for the use of another who knows its exact character and condition is not entitled to assume that the other will use it

---

[7] "Here, the negligent conduct was the failure of the Respondents to confirm that the recipient of the ammunition was qualified to purchase the same . . . ."

8

safely if the supplier knows or has reason to know that such other is likely to use it dangerously, as where the other belongs to a class which is notoriously incompetent to use the chattel safely, or lacks the training and experience necessary for such use, or the supplier knows that the other has on other occasions so acted that the supplier should realize that the chattel is likely to be dangerously used, or that the other, though otherwise capable of using the chattel safely, has a propensity or fixed purpose to misuse it. This is true even though the chattel is in perfect condition[.]

Restatement (Second) of Torts § 390 cmt. b (1965).

Here, there is no allegation Academy or John Doe had any prior interactions with Perez or forewarning about his intended use for the ammunition. *See **Delana***, *supra*. There are no allegations of apparent physical characteristics, such as youth or immaturity, that suggested a likelihood of misuse and injury. *See **Bosserman v. Smith***, 226 S.W. 608 (Mo.App. 1920) (merchant liable for injuries to 8-year-old child to whom merchant sold dangerous fireworks). There is no allegation Perez was visibly intoxicated. *See **Kitchen v. K-Mart Corp.***, 697 So. 2d 1200 (Fla. 1997).

Appellants contend Academy knew or should have known Perez was likely to use the ammunition in a manner that would cause unreasonable risk of physical harm as evidenced by his pacing and the decision to make the purchase through Burden. Federal law prohibits *firearm* sales by way of a straw-purchaser. *See **Abramski v. U.S.***, 573 U.S. 169 (2014) (detailing steps and forms used in firearm sale and holding that criminal liability may apply even if the straw-purchaser and the intended recipient both were legally qualified to purchase the firearm). As Academy notes, the photo ID, Form 4473, and NICS background check requirements apply only to sales of *firearms*, not ammunition. Appellants have not provided and we are not aware of any federal or state law that prohibits the purchase of ammunition for another person. We cannot conclude that Academy and its agents knew or should have known of Perez's intention to harm

9

Hampton with the ammunition given that Burden raised no suspicion, nervous actions similar to Perez's have been held not to put a seller on notice of a problem, and the use of a third-party purchaser (assuming such was known or should have been known to John Doe) is a lawful action.

The allegations in Appellant's petition, even if proven true, would not show that Academy knew or should have known that Perez was a non-U.S. citizen in the U.S. illegally or unlawfully, or that he was likely to use the ammunition in a manner that would cause unreasonable risk of physical harm. Appellants failed to state a claim for negligent entrustment. Point I is denied.

**Negligence Per Se (Point II)**

Missouri courts recognize negligence per se as a cause of action. *See **Parr v. Breeden***, 489 S.W.3d 774, 781 (Mo. banc 2016). It is a form of ordinary negligence that results from the violation of a statute. ***Lowdermilk v. Vescovo Bldg. and Realty Co., Inc.***, 91 S.W.3d 617, 628 (Mo.App. 2002) (internal quotation marks omitted) (as adopted and reinstated after retransfer Jan. 9, 2003). "As with all negligence claims, the threshold question is whether the defendant owed the injured party a duty of care." ***O.L. v. R.L.***, 62 S.W.3d 469, 474 (Mo.App. 2001). "Whether a personal duty exists depends on the particular facts and circumstances of each case." ***Parr***, 489 S.W.3d at 782.

Negligence per se differs from ordinary negligence in that it presumes someone who violates a statute has breached what the legislature had already determined to be the standard of care for a reasonable person in those circumstances. ***Goudeaux v. Bd. of Police Com'rs of Kansas City***, 409 S.W.3d 508, 512 (Mo.App. 2013). But not every statutory violation establishes a duty of care the violation of which is actionable in a negligence per se claim. The plaintiff must show, as a matter of law, that the defendant

owed a duty of care to the plaintiff.  ***Parr***, 489 S.W.3d at 782.

Missouri follows the "no duty" rule:  a business generally has no duty to protect against criminal acts of third parties.  ***Wieland v. Owner-Operator Services, Inc.***, 540 S.W.3d 845, 848 (Mo. banc 2018); ***K.L.S. v. Union Pac. R.R.***, 575 S.W.3d 259, 265 (Mo.App. 2019).  There are two categories of exceptions to the general rule.  The first category involves a special relationship between the parties, where one party is entrusted to the protection of another and relies on that party for safety.  ***Knop v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.***, 988 S.W.2d 586, 589 (Mo.App. 1999). The second category is "special facts and circumstances," such as when a business knows or has reason to know the third person is harming or about to harm an invitee on the business's premises.  ***Wieland***, 540 S.W.3d at 848-49.  Appellant did not claim any of these exceptions apply in this case.  Thus, it was incumbent upon Appellant to plead, as a matter of law based on the facts and circumstances of the case, that a statute created a duty of care Academy owed personally to Hampton.  *See **Parr***, 489 S.W.3d at 781-82 (summary judgment properly entered against plaintiff because federal safety rules on which plaintiff relied did not impose personal duty on co-worker separate and distinct from employer's nondelegable duty to provide a safe workplace).

Appellants rely on Academy's alleged violation of 18 U.S.C. § 922(d)(5) (2018), the sale of ammunition to a non-U.S. citizen who is illegally or unlawfully in the U.S.  "Before we reach the question of a violation, we must first examine the statute itself to determine if it is a statute on which negligence per se may be premised."  ***Lowdermilk***, 91 S.W.3d at 628.

Here, nothing in the text or history of § 922 evidences an express or implied intent to create a private, civil liability action premised on failure to comply with this statute.

11

Section 922 is a criminal statute. It is located in Title 18, entitled "Crimes and Criminal Procedure." It was enacted as part of the Omnibus Crime Control and Safe Streets Act of 1968 and was amended by the Gun Control Act of 1968. *Estate of Pemberton v. John's Sports Ctr., Inc.*, 135 P.3d 174, 181 (Kan.App. 2006). Congress's focus was on protecting the public *in general* from gun crime and violence at the hands of felons and irresponsible persons. *Id.*

Furthermore, the remedy for violation of the statute is criminal: whoever knowingly violates § 922(d) is subject to a fine, imprisonment, or both. 18 U.S.C. § 924(2) (2018). "In general, when a statute includes measures establishing enforcement of its provisions, courts will not recognize a private right of action for the violation of that statute, except where the statute indicates legislative intent to establish a private cause of action." *Parke v. Progressive Cas. Ins. Co.*, 613 S.W.3d 428, 431–32 (Mo.App. 2020).

Congress has expressed its intent for civil suits against firearm and ammunition sellers in the PLCAA. "A qualified civil liability action may not be brought in any Federal or State court." 15 U.S.C. § 7902(a) (2018). A "qualified civil liability action" does not include "an action brought against a seller for negligent entrustment or negligence per se." 15 U.S.C. § 7903(5)(A)(ii) (2018). This means the PLCAA exempts such claims from mandatory dismissal under federal law. *Noble*, 409 S.W.3d at 480. The PLCAA does not, however, affirmatively authorize or establish such claims. *Id.*

Private rights of action to enforce federal law must be created by Congress. *Id.* (citing *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001)). We must determine whether a statute displays Congress's intent to create both a private right and a private remedy. *Id.* In the absence of such intent, "a cause of action does not exist and courts

may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 480-81. In Missouri law, the creation of a private right of action by implication is not favored. ***Bradley v. Ray***, 904 S.W.2d 302, 313-14 (Mo.App. 1995).

Congress enacted the PLCAA to prevent "the possibility of imposing liability on an entire industry for harm that is solely caused by others[,]" referring to such suits as "an abuse of the legal system." ***Delana***, 486 S.W.3d at 322 (citing 15 U.S.C. § 7901(a)(6)). The general purpose of the statute is to prohibit causes of action against dealers of firearms and ammunition for the harm caused by the criminal or unlawful misuse of firearm products when the products functioned as designed and intended. *Id.* (citing 15 U.S.C. § 7901(b)(1)). Section 7903(5), which both defines a qualified civil liability action and exempts negligent entrustment and negligence per se actions therefrom, expressly states: "[N]o provision of this [Act] shall be construed to create a public or private cause of action or remedy." 15 U.S.C. § 7903(5)(C) (2018). This express negation of private right or remedy is dispositive. ***Noble***, 409 S.W.3d at 480. Appellants cannot rely on federal criminal statutes related to the sale of firearms and ammunition as establishing a duty or standard of care for a negligence per se claim in Missouri's state courts.

Because the PLCAA precludes 18 U.S.C. § 922(d) (2018) from serving as the statutory duty or standard of care in this cause of action and Appellants have alleged no other statutory duty that Academy violated, the circuit court was required to dismiss Appellants' negligence per se claim. Point II is denied.

## Conclusion

While Appellants' claims may not have been precluded by the Protection of Lawful Commerce in Arms Act, Appellants have failed to allege a viable cause of action under

Missouri law against John Doe or Academy based on the sale of ammunition for injuries caused by Luis Perez. *Id.* at 485. The circuit court did not err in dismissing their claims. Judgment affirmed.


JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFERY W. BATES, J. – CONCURS