W. Brent Powell, Judge
Owner-Operator Services Inc. appeals the circuit court's judgment in favor of Amie Wieland for her claim of negligence alleging her employer, Owner-Operator, breached its duty to protect her from the criminal act of a third person on its premises. Owner-Operator argues the circuit court erred in submitting a verdict director *847 to the jury that was not supported by substantial evidence and in allowing Wieland to make arguments to the jury that misstated the law as instructed in the verdict director. The circuit court's judgment is affirmed.
I. Factual and Procedural History
Wieland was an Owner-Operator employee when she was served at her workplace with an ex parte order of protection sought and secured by Alan Lovelace, her ex-boyfriend. Wieland told Owner-Operator's director of human resources the allegations of harassment supporting the ex parte order of protection were acts Lovelace was committing against her, not vice versa. Wieland told the director she was scared and felt threatened by Lovelace. The director asked Wieland to provide a description and photograph of Lovelace, which Wieland did. The director gave the description and photograph to the supervisor of the front desk receptionists to disseminate. The director also told her supervisor and Owner-Operator's volunteer safety team about the situation.
Two weeks later, Wieland attended the court hearing set to consider the order of protection, and the case was dismissed after Lovelace failed to appear. Wieland returned to work that same day and told the director she was "fearful" but did not know if Lovelace would show up to her workplace. When Wieland left work that day, she encountered Lovelace lying in wait inside her vehicle parked in the employee parking lot. As Wieland attempted to walk away from Lovelace, he shot her in the back of the head.
Wieland survived the attack and filed a petition alleging negligence against Owner-Operator, contending the business breached its duty of care to protect her against the criminal act of a third person on its premises. At trial, Wieland offered evidence of Owner-Operator's internal safety protocol in place when an employee reports concerns of a potential threat from a known person. In addition to the actions taken after Wieland expressed concern about her safety, Owner-Operator's internal protocol included other precautions Owner-Operator did not undertake, such as offering Wieland a parking space in the visitor's parking lot (which was by the front entrance of the building and in view of the receptionist desk) and offering an escort to Wieland's vehicle by a member of the volunteer safety team. There was also evidence establishing Owner-Operator had security cameras surveilling the employee parking lot, but those cameras were not actively monitored, even after Wieland's reported concerns. The security cameras recorded Lovelace entering the employee parking lot and Wieland's vehicle approximately one hour before he attacked Wieland.
In making her case to the jury, Wieland primarily argued Owner-Operator failed to take reasonable precautions before Lovelace entered the employee parking lot that could have led to the discovery of Lovelace when he entered the parking lot. The verdict director submitted to the jury read:
Your verdict must be for plaintiff Amie Wieland if you believe:
First, that Alan Lovelace was present in defendant's parking lot on November 20, 2012 and he posed a danger to plaintiff, and
Second, that defendant knew or by using ordinary care could have known that Alan Lovelace was in its parking lot and posed a danger to plaintiff, and
Third, that defendant failed to use ordinary care to notify law enforcement authorities when the risk of danger to plaintiff became apparent, and
Fourth, that defendant was thereby negligent, and
Fifth, that sufficient time existed within which to prevent injury to plaintiff *848 after defendant knew or by using ordinary care could have known that Alan Lovelace was in its parking lot and posed a danger to plaintiff, and
Sixth, such negligence of defendant combined with the acts of Alan Lovelace to directly cause damage to plaintiff.
The jury found in Wieland's favor and awarded her $3,250,000 in damages. The circuit court entered judgment in accordance with the jury's verdict. Owner-Operator then filed a motion for new trial, which the circuit court overruled. Owner-Operator appealed and, after opinion by the court of appeals, this Court transferred the case pursuant to article V, § 10 of the Missouri Constitution.
II. Submissibility of the Verdict Director
In any action for negligence, a plaintiff must establish the defendant owed a duty of care to the plaintiff, the defendant breached that duty, and the defendant's breach proximately caused the plaintiff's injury. L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co., L.P. , 75 S.W.3d 247, 257 (Mo. banc 2002). "The touchstone for the creation of a duty is foreseeability." Id. (internal quotations omitted). "A duty to protect against the criminal acts of third parties is generally not recognized because such activities are rarely foreseeable." Id. However, this Court has recognized "two 'special facts and circumstances' exceptions to the rule that businesses generally have no duty to protect invitees from criminal acts of third persons." Id. This appeal concerns the differences between these exceptions and Owner-Operator's allegation of error regarding the distinctions between these exceptions.
In recognizing the two exceptions to the "no duty" rule, this Court essentially adopted the rule established by § 344, comment f, of the Restatement (Second) of Torts. See Madden v. C & K Barbecue Carryout, Inc. , 758 S.W.2d 59, 62 (Mo. banc 1988). That rule provides:
Duty to police premises. Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur . He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.
Restatement (Second) of Torts § 344 cmt. f (emphasis added).
As further explained:
The [rule] underscores two rather different situations in which the duty may arise. The first is when the defendant knows, or has reason to know, that a third party is harming or is about to harm an entrant . At this point the defendant may be able to protect the entrant only by warning him, summoning the police or utilizing already available security measures. The second is when the nature of defendant's business or past experience provides a basis for the reasonable anticipation on defendant's part that the criminal activity of third persons might put entrants at risk . In this class of cases the defendant may be liable for failing to adopt security *849 measures which might have kept the third person from inflicting harm upon the entrant. The distinction between these categories is significant, because the duty to foresee a general risk of criminal activity and to take steps to safeguard entrants from it may require substantial expenditures on the part of the possessor.
The Law of Premises Liability § 11.03[1], 11-6 (emphasis added) (internal footnotes omitted).
Notably, the Restatement's rule is phrased in terms of "knows or has reason to know." Restatement (Second) of Torts § 344, cmt. f. Unlike "should know" or "could know," "reason to know" creates no duty of care on the part of the business to preemptively discover the facts in question; rather, "reason to know" means a duty of care arises only after the business has information from which a reasonable actor would infer those facts. See Restatement (Second) of Torts § 12 cmt. a.
Accordingly, this Court has explained, "Under the first exception, 'the duty may arise when a person, known to be violent, is present on the premises or an individual is present who has conducted himself so as to indicate danger and sufficient time exists to prevent injury.' " L.A.C. , 75 S.W.3d at 257. Because the first exception concerns when a business knows or has reason to know a specific third person is both (1) on its premises and (2) dangerous, no duty of care arises until after that specific person has entered the business's premises. See id. at 257, 263 ; Restatement (Second) of Torts § 344 cmt. f and § 12 cmt. a; The Law of Premises Liability § 11.03[1], 11-6.
In contrast, the second exception "recognizes 'a duty [on the part of business owners] to protect their invitees from the criminal attacks of unknown third persons' under certain special circumstances." L.A.C. , 75 S.W.3d at 257 (emphasis added). Because the second exception concerns when a business knows or has reason to know of dangerous persons in general frequenting its premises, a duty of care arises without regard to any specific person entering the business's premises. See id. at 257-58 ; Restatement (Second) of Torts § 344 cmt. f and § 12 cmt. a; The Law of Premises Liability § 11.03[1], 11-6. In other words, with the second exception, the business is tasked with taking "precautionary actions to protect its business invitees against the criminal activities of unknown third parties." L.A.C. , 75 S.W.3d at 258.
While Owner-Operator notes the distinctions between the two exceptions to the "no duty" rule, it does not allege in its first point on appeal that the verdict director failed to properly submit the elements of the first exception, as it argued in the circuit court. In its first point on appeal, Owner-Operator argues the circuit court erred in submitting the verdict director but alleges this error occurred because the submission was based on the first exception,[1] which it alleges was not supported by substantial evidence. Owner-Operator contends Wieland's evidence did not support the circuit court's verdict director because her evidence focused only on precautions Owner-Operator could have taken before Lovelace entered the employee parking lot and, pursuant to the substantive law of the first exception, it had no duty of care until after Lovelace entered the employee parking lot.
Owner-Operator is correct that "[a]ny issue submitted to the jury in an *850 instruction must be supported by substantial evidence 'from which the jury could reasonably find such issue.' " Hayes v. Price , 313 S.W.3d 645, 650 (Mo. banc 2010). Owner-Operator, however, did not raise this instructional challenge either during the instructions conference or in its motion for new trial, and so it has not been preserved for appellate review. See Rules 70.03 and 78.07(a); Smith v. Brown & Williamson Tobacco Corp. , 410 S.W.3d 623, 640 (Mo. banc 2013).
During the instructions conference and in its motion for new trial, Owner-Operator argued the language of the verdict director misstated the substantive law for the first exception because it imposed a duty of care on Owner-Operator before Lovelace entered the premises. But, on appeal, Owner-Operator has changed its argument. Owner-Operator no longer claims the language used in the verdict director was incorrect. To the contrary, Owner-Operator expressly abandons any challenge to the language of the verdict director. Instead, Owner-Operator argues in its first point Wieland failed to present substantial evidence to support the verdict director based on the first exception. Owner-Operator did argue in its motion for new trial that if the verdict director were based on the second exception, then it was not supported by substantial evidence because there was no evidence of prior violent crimes on Owner-Operator's premises. This argument, of course, is not the same argument Owner-Operator now makes on appeal.[2] For these reasons, the allegation of error made in Owner-Operator's first point on appeal has not been properly preserved.
Even if Owner-Operator's first point had been preserved for appeal, its argument is meritless. Owner-Operator and the dissent mistakenly compare the evidence submitted at trial to the substantive law rather than to the language of the verdict director. Owner-Operator and the dissent argue there was no substantial evidence to support the verdict director because Wieland's evidence focused only on precautions Owner-Operator could have taken before Lovelace entered the parking lot and, pursuant to the substantive law of the first exception, Owner-Operator had no duty of care until after Lovelace entered the parking lot. This reasoning would be appropriate if Owner-Operator were arguing Wieland's claim was not submissible. Rather than arguing Wieland's claim was not submissible, Owner-Operator's first point argues the verdict director was not submissible. Specifically, Owner-Operator's first point asserts the actual verdict director submitted to the jury was not supported by substantial evidence. Owner-Operator does not contend in its first point that a hypothetical verdict director flawlessly stating the substantive law was not supported by substantial evidence. Therefore, Owner-Operator's first point necessarily requires a comparison of the evidence introduced at trial to the language used in the verdict director actually submitted.[3]
*851 As is discussed in the analysis of Owner-Operator's remaining points, though the verdict director must have been based on the first exception, the language of the verdict director suggests Owner-Operator had a duty of care before Lovelace entered the parking lot. Pursuant to the language actually used in the verdict director, the jury could have considered evidence of Owner-Operator's failure to take precautions before Lovelace entered the parking lot. Although Wieland's evidence may not have supported a hypothetical verdict director flawlessly stating the substantive law for the first exception, Wieland's evidence supported the verdict director actually submitted to the jury. The dissent even acknowledges this, stating:
The jury should only have considered what [Owner-Operator] knew or could have known after Lovelace's arrival. By submitting this verdict director, the trial court permitted the jury to impermissibly speculate about what [Owner-Operator] could have known before Lovelace entered the property and enter a verdict based upon inadequate evidence. This was error.
op. at 857 (emphasis in original).
The "error" identified by the dissent is not that the verdict director submitted to the jury was not supported by substantial evidence as argued by Owner-Operator, but rather that the language of the verdict director allowed the jury to consider evidence irrelevant to the first exception. Indeed, the dissent makes abundantly clear it is treating Owner-Operator's substantial-evidence challenge as a challenge to the language of the verdict director. But these are wholly distinct challenges.[4] See Deckard v. Webster Cnty. , 467 S.W.3d 283, 290 (Mo. App. S.D. 2015) ; Roy v. Mo. Pac. R.R. Co. , 43 S.W.3d 351, 363 (Mo. App. W.D. 2001).
Owner-Operator even differentiates these two distinct challenges. In the midst of making a substantial-evidence challenge in its first point, Owner-Operator expressly *852 abandons any challenge to the language of the verdict director, stating in its brief that "the language of [the verdict director] is not being challenged in this appeal on the basis that it did not properly instruct upon the elements of the [first] exception." While this Court is required by rule to disregard Owner-Operator's abandoned challenge to the language of the verdict director, the dissent elects to revive it under the guise of a substantial-evidence challenge.[5] See Rule 84.13(a) (stating "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal"). It is not this Court's role to make an appellant's argument. See, e.g., Manzara v. State , 343 S.W.3d 656, 659 n.8 (Mo. banc 2011). This ensures the opposing party has proper notice and opportunity to respond and brief the argument. Point I is denied.
III. Wieland's Arguments to the Jury
Owner-Operator's two remaining and preserved points on appeal both relate to Wieland's arguments to the jury. In its second point, Owner-Operator argues the circuit court erred in allowing Wieland to argue to the jury that Owner-Operator was negligent in failing to take precautions before Lovelace entered the parking lot because this misstated the law as instructed in the verdict director. A party may not, in arguing to the jury, misstate "the law as submitted in the court's instructions ." State ex rel. Mo. Highway and Transp. Comm'n v. Our Savior Lutheran Church , 922 S.W.2d 816, 819 (Mo. App. E.D. 1996) (emphasis added). In this case, the "law as submitted in the court's instructions" was the language used in the verdict director. As noted, on appeal, Owner-Operator does not argue the verdict director misstated the law. For this reason, Owner-Operator is mistaken in arguing this Court should compare Wieland's trial argument to the substantive law of the first exception. The only question before this Court is whether Wieland's trial argument misstated the law as it was stated in the verdict director . See Barlett v. Kansas City S. Ry. Co. , 854 S.W.2d 396, 400 (Mo. banc 1993).
The relevant language in the verdict director simply stated "that defendant knew or by using ordinary care could have known that Alan Lovelace was in its parking lot." This express language of the verdict director was not so narrow as to specify Owner-Operator had no duty of care until after Lovelace entered the parking lot. Nor did this language clearly instruct the jury not to consider Owner-Operator's failure to take precautions that could have led to the discovery of Lovelace in the parking lot. As such, Wieland's trial argument-that the jury should consider precautions Owner-Operator did not undertake pursuant to its protocol before Lovelace entered the parking lot-did not misstate the law as it was stated in the verdict director. Whether the verdict director misstated the substantive law or otherwise misled the jury is a separate and distinct issue not raised by Owner-Operator on appeal. Point II is denied.
Similarly, in its third point on appeal, Owner-Operator argues the circuit *853 court erred in allowing Wieland to argue to the jury that Owner-Operator breached a duty of care by failing to take precautions because this misstated the law as instructed in the verdict director in that the verdict director specified only one duty of care that Owner-Operator could have breached, a duty to notify law enforcement authorities. As with Owner-Operator's second point, because it does not challenge on appeal the instructional language, the only question is whether Wieland's trial argument misstated the law as it was stated in the verdict director. See id. Again, the relevant language in the verdict director stated "that defendant knew or by using ordinary care could have known that Alan Lovelace was in its parking lot" (emphasis added).
The phrase "by using ordinary care could have known" necessarily imposed a duty of care on Owner-Operator to discover Lovelace's presence. See Restatement (Second) of Torts § 12 cmt. a. Otherwise, it would be irrelevant whether Owner-Operator could have discovered Lovelace's presence "by using ordinary care" because Owner-Operator would not be tasked with using ordinary care absent a duty of care being imposed. See id. Because the verdict director imposed this additional duty to use ordinary care to discover Lovelace's presence (and without specifying whether that duty arose before or after Lovelace entered the parking lot), Wieland's trial argument did not misstate the law as it was stated in the verdict director. And, as with Owner-Operator's second point, whether the verdict director misstated the substantive law in imposing this additional duty is a separate and distinct issue not raised by Owner-Operator on appeal. Point III is denied.
IV. Conclusion
The circuit court's judgment is affirmed.
Fischer, C.J., Draper, Wilson and Stith, JJ., concur.
Russell, J., dissents in separate opinion filed.
Breckenridge, J., concurs in opinion of Russell, J.

Wieland did not specify at trial whether she was submitting her claim pursuant to the first exception or the second exception. However, because Lovelace was a known third person, Owner-Operator's duty of care to Wieland would appear to be based on the first exception.

This does not amount to mere "parsing of words," as the dissent suggests. Because Owner-Operator did not specifically argue in its motion for new trial that there was no evidence to support the verdict director if it were based on the first exception, the circuit court was not given an opportunity to consider such an argument. See Smith , 410 S.W.3d at 640 ("The purpose of a motion for new trial is to give the circuit court the opportunity to correct its own errors without appellate court intervention.")

A submissibility-of-the-claim challenge argues the plaintiff's claim should not go to the jury because substantial evidence does not support the claim as provided by the substantive law. See, e.g., Sanders v. Ahmed , 364 S.W.3d 195, 208 (Mo. banc 2012). A submissibility-of-the-instruction challenge argues a specific instruction should not be given to the jury because substantial evidence does not support an issue as provided by that instruction. See, e.g., Hayes , 313 S.W.3d at 650. The former compares the evidence with the substantive law, while the latter compares the evidence specifically with the instruction. A submissibility-of-the-claim challenge is an attempt to have a claim outright disposed of and, therefore, must be raised in a motion for directed verdict and renewed in a motion for judgment notwithstanding the verdict. See Sanders , 364 S.W.3d at 207-08 ; Rule 72.01. In contrast, a submissibility-of-the-instruction challenge must be raised at the instructions conference and renewed in a motion for new trial. See Rule 70.03. Both at trial and on appeal, Owner-Operator appears to have conflated these two distinct challenges. Owner-Operator properly raised a submissibility-of-the-claim challenge in a motion for directed verdict but then failed to renew that challenge in a motion for judgment notwithstanding the verdict and instead renewed the challenge at the instructions conference-which neither preserved the submissibility-of-the-claim challenge nor transformed it into a submissibility-of-the-instruction challenge. Now, on appeal, Owner-Operator purports to raise a submissibility-of-the-instruction challenge but improperly compares the evidence to the substantive law rather than to the language of the verdict director.

For example, the dissent states, "Because the verdict director did not instruct the jury to only consider evidence after Lovelace arrived, it failed to properly instruct on this [first] exception." op. at 855 (emphasis in original). The verdict director's failure to properly instruct does not mean it was not supported by substantial evidence. The dissent also reasons Owner-Operator preserved its first point on appeal because, at both the instructions conference and in its motion for new trial, Owner-Operator argued the verdict director "did not accurately state the law" and "was worded incorrectly." But these are arguments that the verdict director misstated the law rather than arguments that the verdict director was not supported by substantial evidence.

In doing so, the dissent also fails to appreciate Owner-Operator never proffered a correct verdict director itself. The verdict director proffered by Owner-Operator required the jury to find "defendant knew that Alan Lovelace was present in defendant's parking lot." As explained above, the first exception concerns when a defendant knew or had reason to know a dangerous person was on its premises. Owner-Operator's proffered verdict director omitted the "or had reason to know" language. "[A]lthough a party is entitled to have its own instruction submitted to the jury if it is correct, this entitlement does not impose a duty on the trial court to draft a proper instruction when the parties fail to submit a correct instruction." Cluck v. Union Pacific R.R. Co. , 367 S.W.3d 25, 34 (Mo. banc 2012).